IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS RENE FLORES,<br><br>        Plaintiff,<br><br>  v.<br><br>R. SUMAYA, et al.,<br><br>        Defendants. | NO. 1:07-cv-00853 GSA PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING THIS ACTION FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF No. 34) |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action. The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).[1] Pending before the Court is Defendants' motion to dismiss. Plaintiff has opposed the motion.

      This action proceeds on the August 11, 2008, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at San Quentin State Prison, brings this action against correctional officials employed by the CDCR

---

[1] On July 5, 2007, Plaintiff filed a consent to proceed before the Magistrate Judge. On December 10, 2009, Defendants consented. On December 28, 2009, Plaintiff filed a consent form, declining to proceed before the Magistrate Judge. Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon v. Ylst, 990 F.2d 478, 479, 480 (9th Cir. 1993) (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed.R.Civ.P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480. Plaintiff has not shown good cause or presented evidence of extraordinary circumstances for the Court to allow Plaintiff to withdraw his consent to jurisdiction of the Magistrate Judge.

at California State Prison Corcoran.  The events that give rise to this lawsuit occurred while Plaintiff was housed at CSP Corcoran.  Plaintiff names the following individual defendants: Sergeant R. Sumaya; Sgt. R. Juarez; Correctional Officer (C/O) B. Bell; C/O R. L. Miller.

**A.      Claims**

Plaintiff alleges that between August 31, 2004, and January 9, 2005, he was sexually assaulted twice by Defendant Sumaya.  Plaintiff alleges that Defendants Miller, Juarez and Bell "threatened the life of the plaintiff verbally as a result of the plaintiff filing an Inmate Appeal CDC Form 602."  (Am. Compl. ¶ IV.)  On May 20, 2009, an order was entered, finding that Plaintiff stated a claim for relief against Defendants Sumaya, Miller, Juarez and Bell for violations of the Eighth Amendment.

**B.      Defendants' Motion**

Defendants Sumaya, Miller, Juarez and Bell move to dismiss this action for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.    "The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009)(citing 42 U.S.C.§ 1997e(a)).  "[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006).  This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting Ngo, 548 U.S. at 88).  In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level.  The third formal level constitutes the Director's decision on appeal.  Cal. Code Regs. Tit. 15, § 3084.5(e)(2).

Defendants support their motion with the declarations of T. Cano and D. Foston.  D. Foston is the Chief of the Inmate Appeals Branch (IAB) of the CDCR.  Foston declares that "IAB records show that Inmate Santos Flores (T-11305) did not submit any appeal to the IAB

2

that was accepted and exhausted or received and screened out at the Director's level review between August 31, 2004 and October 7, 2009." (Foston Decl. ¶ 3.)   T. Cano is the Appeals Coordinator at CSP Corcoran.  As the Appeals Coordinator, Cano is responsible for screening inmate grievances and appeals for compliance with regulations, coordinating their processing, and maintaining the records concerning inmate grievances filed at CSP Corcoran.  Cano declares that between August 31, 2004 and October 7, 2009 Plaintiff filed two inmate grievances that were accepted for review: Grievance No. CSPC-3-06-01476 and Grievance No. CSPC-3-06-04754.  (Cano Decl. ¶¶ 2,3.)

Exhibit A to Cano's declaration is a copy of Grievance No. CSPC-3-06-01476.  This grievance, filed by Plaintiff on November 13, 2005, concerns copies of medical and mental health records requested by Plaintiff.  In paragraph A of the CDC form 602, Plaintiff describes the issue as follows:

> On at least 2 previous occasions I requested copies using the
> inmate request for interview form (EA-22) all previous attempts
> has been to no avail this refusal has/will impact impede my attempt
> to pursue recourse and appropriate medical and mental health care
> for injuries resulting from my being assaulted I need records from
> Dec 2000 to March 2001 that, June 2004 Jan 2005

(Ex. A, p. 1.)   The appeal was granted at the first level of review, in that Plaintiff received copies of the records he sought.

Exhibit B to Cano's declaration is a copy of Grievance No. CSPC-3-06-04754.  In this grievance, Plaintiff identifies the defendants in this lawsuit, and refers to an incident of "guard brutality" on August 31, 2004.  He also complained of internal problems with his rectum and bowel movements and requested medical attention.  Plaintiff did not, however, submit his grievance until March 26, 2006.  On November 8, 2006, the staff-complaint portion of the grievance was screened out as untimely.  (Ex. B, p. 5.)   Plaintiff was advised that his medical concerns would be addressed.  (Id.)   Plaintiff agreed with the course of action regarding his medical care, and was seen by medical staff on December 21, 2006, (Id., p.2.)

The Court finds that Defendants' exhibits establish that Plaintiff failed to exhaust his

3

1 available administrative remedies prior to filing suit.  Defendants' Exhibit B indicates that
2 although Plaintiff did file an inmate grievance concerning the conduct at issue, he did so in
3 March of 2006.  Plaintiff's grievance regarding staff conduct was screened out as untimely.  In
4 order to properly exhaust his administrative remedies, Plaintiff must comply with the required
5 deadlines.  "[Proper] exhaustion of administrative remedies is necessary,"Woodford v. Ngo, 126
6 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands compliance with an agency's
7 deadlines and other critical procedural rules . . . ," Id. at 2386.  The evidence submitted by
8 Defendants indicates that Plaintiff failed to timely file an inmate grievance concerning the
9 conduct at issue.  Plainitff's grievance was properly screened out as untimely.

   In his opposition, Plaintiff states that he "did file several 602's, but only one of them was ever processed regarding the issues of his assault. . ." (Opp'n. p. 2.)  The only other reference to the filing of inmate grievances follows:

> "On 9-15-02, plaintiff was again placed in Ad-Seg.  This time the reason stated was that plaintiff was 'observed by staff to be the victim of an act of battery.'  Again he was not provided with a staff assistant, and invidiously segregated from other prisoners.  With the assistance of other prisoners he sent in 602s to no avail.  This is applicable to the only 602 that was processed, 602 #06-4754 plaintiff 'exhausted the administrative process when the prison officials purported to grant relief that resolved his grievance to his satisfaction,' given the medical diagnosis at the time.  Thus, reversal is warranted here, as a matter of law, as was granted here."

(Id. p. 5.)  Plaintiff also states, without specifying a particular date, that "when the assaults continued he was also told that he was being punished for daring to file a complaint, and that there was nothing he could do about it."  (Id. p 6.)  The conduct at issue in this lawsuit occurred between August 31, 2004, and January 9, 2005.

   The Ninth Circuit Court of Appeals has found that exhaustion under 42 U.S.C. § 1997e(a) is an affirmative defense and that the failure to exhaust nonjudicial remedies "should be treated as a matter in abatement subject to an unenumerated Rule 12(b) motion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.2003), cert. denied Alameida v. Wyatt, 540 U.S. 810 (2003).

4

Additionally, this Court "may look beyond the pleadings and decide disputed issues of fact" when considering a motion to dismiss for failure to exhaust administrative remedies under the PLRA.  Wyatt, 315 F.3d at 1120; see also Ritza v. Int'l Longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir.1988) (because no presumption of truthfulness attaches to Plaintiff's allegations in such matters, the court may resolve any disputed material facts before proceeding further).  Defendant bears the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit.  Wyatt, 315 F.3d at 1120.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claims should be dismissed without prejudice.  id. at 1120.

       The Court finds that Defendants have met their burden by coming forward with evidence that Plaintiff failed to timely file an inmate grievance regarding the conduct of Defendants between August 31, 2004, and January 9, 2005.  In his opposition, Plaintiff refers to ongoing allegations regarding his medical care, but that issue is not before the Court in this lawsuit.  As noted, Plaintiff's grievance was granted regarding his medical care.  Defendants' evidence specifically refers to Plaintiff's inmate grievance filed in March of 2006, which challenged the conduct at issue in this lawsuit.  Plaintiff's vague assertions in his opposition fail to establish, or create an issue of fact, as to whether he filed an inmate grievance with fifteen days of the conduct at issue, as required by Title 15, section 3084.6(c) of the California Code of Regulations.  Plaintiff fails to refer to any specific date, and fails to attach any copies of the grievances that he referred to.   Defendants correctly note that Plaintiff failed to submit any letters or requests he made to the Appeals Coordinator to inquire about the status of the grievances that he allegedly filed.

       Further, Plaintiff's assertion that Defendants' conduct was in response to Plaintiff's "daring to file a complaint" fails to establish evidence that Plaintiff was prevented from filing an inmate grievance.  The sole issue in this action is Plaintiff's allegation of excessive force.  Although Plaintiff alleges that defendants threatened him, the allegations indicate that they

1 threatened him for an inmate grievance that has already been filed.  Plaintiff's statement
2 suggests, at most, retaliatory motive on behalf of defendants, but does not establish any evidence
3 that Plaintiff attempted to file an inmate grievance but was prevented from doing so.
4     The Court finds that Defendants have come forward with clear evidence that Plaintiff
5 failed to exhaust his available administrative remedies prior to filing suit.  Plaintiff 's evidence,
6 at most, consists of vague allegations that he, at some point, attempted to file an inmate
7 grievance.  Plaintiff has failed to come forward with specific evidence indicating that he
8 attempted to file an inmate grievance within fifteen days of the conduct at issue, or any specific
9 evidence that any correctional official prevented him from doing so.
10    Accordingly, IT IS HEREBY ORDERED that this action is dismissed, without prejudice,
11 for Plaintiff's failure to exhaust his available administrative remedies prior to filing suit.  The
12 Clerk is directed to close this case.

16    IT IS SO ORDERED.
17    Dated:   **April 22, 2011**                    /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE