UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS RENE FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>R. SUMAYA, et al.,<br><br>    Defendants. | 1:07-cv-00853-GSA-PC<br><br>ORDER DENYING MOTION FOR ARTICLE III JUDGE ADJUDICATION AND REVIEW OF ORDER OF DISMISSAL<br>(Doc. 40.) |

## I.  BACKGROUND

Santos Rene Flores ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  The parties to this action consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and on December 14, 2009, this case was reassigned to Magistrate Judge Gary S. Austin for all purposes, including trial and entry of judgment. (Docs. 4, 28, 29.)  This action was dismissed by the Magistrate Judge on April 25, 2011, via Defendants' motion to dismiss, and judgment was entered by the Clerk on April 25, 2011. (Doc. 38, 39.)  On June 1, 2011, Plaintiff filed a motion for review of the Magistrate Judge's order of dismissal by an Article III Judge [or District Judge].[1]  (Doc. 40.)  On June 9, 2011, Defendants filed an opposition. (Doc. 41.)

## II.  CONSENT TO MAGISTRATE JUDGE JURISDICTION

Plaintiff argues that because he filed a document withdrawing his consent to the Magistrate Judge, the Magistrate Judge did not have the authority to enter the order of dismissal.  On July 5, 2007,

---

[1] Article III of the United States Constitution confers power on the judges of the District Court.  U.S. Const. art. III.

1

Plaintiff filed a form consenting to the jurisdiction of the Magistrate Judge. (Doc. 4.) On December 10, 2007, Defendants filed a form consenting to the jurisdiction of the Magistrate Judge. (Doc. 28.) On December 14, 2009, the Court reassigned this case to the Magistrate Judge. (Doc. 29.) On December 28, 2009, Plaintiff filed a form declining to proceed before the Magistrate Judge. (Doc. 30.) However, the Court found that Plaintiff had not shown good cause or presented evidence of extraordinary circumstances for the Court to allow Plaintiff to withdraw his consent to jurisdiction of the Magistrate Judge. (Doc. 38 at 1 fn. 1.) Therefore, Plaintiff's consent was not withdrawn, and the Magistrate Judge had jurisdiction to enter the order of dismissal in this action.

### III.   APPEAL OF MAGISTRATE JUDGE'S ORDER

Plaintiff requests review of the Magistrate Judge's order of dismissal by a District Judge. However, "[i]f the statutory requirements [of 28 U.S.C. § 636(c)] are met, the final judgment entered by a magistrate is directly appealable to the court of appeals without intervening review by a district judge." Alaniz v. California Processors, Inc., 690 F.2d 717 (9th Cir. 1982). Moreover, on June 23, 2007, Plaintiff signed the form consenting "[i]n accordance with the provisions of Title 28, U.S,C, Sec. 636(c)(1) . . . to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, *with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed*." (Doc. 4.) (emphasis added) Therefore, Plaintiff's appeal of the Magistrate Judge's order of dismissal must be brought at the Ninth Circuit Court of Appeals, and Plaintiff's motion for review by an Article III judge shall be denied.

### IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for review of the Magistrate Judge's order of dismissal by an Article III Judge is DENIED.

IT IS SO ORDERED.

Dated:   **June 13, 2011**            /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE

2